United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY L. ROBINSON, Petitioner, vs. TIM VIRGA, Warden, Respondent. | No. C 11-00816 EJD (PR) ORDER TO SHOW CAUSE |

Petitioner, a state prisoner currently incarcerated at the California State Prison - Sacramento in Represa, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was found guilty in Monterey County Superior Court of two counts of misdemeanor battery without serious injury, battery by prisoner on non-confined person, and a prior felony conviction. (Pet. at 1.) Petitioner was sentenced to six years in state prison on November 29, 2001. (Id.)

Petitioner filed state habeas petitions, with the California Supreme Court denying review in November 2009. (Id. at 4.) Petitioner filed the instant federal

United States District Court
For the Northern District of California

habeas petition on February 22, 2011.

## DISCUSSION

A. Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

Petitioner raises the following claims for federal habeas relief: 1) the trial court erred by imposing an excessive sentence in violation of Cunningham v. California, 549 U.S. 270 (2007), (Pet., Attach. "A"); 2) the trial court erred in using a prior felony in sentencing, (id., Attach. "B"); 3) the trial court erred when it applied a sentence enhancement to double his sentence beyond the statutory maximum for a non-violent or serious felony, (id., Attach. "C"); and 4) the trial court erred when it imposed an excessive restitution fine, (id., Attach. "D"). Liberally construed, claims 1-3 appear cognizable under § 2254 and merit an answer from Respondent. However, Petitioner's restitution claim must be dismissed because success on this claim would not impact the length of his confinement; he would still have to serve the rest of his prison sentence in the same manner. See Bailey v. Hill, 599 F.3d 976, 984 (2010). Accordingly, claim 4 is DISMISSED for failure to state a claim .

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the

United States District Court
For the Northern District of California

petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

DATED: September 28, 2011



EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY L ROBINSON,

Petitioner,

v.

TIM VIRGA, Warden,

Respondent.
_______________________________________/

Case Number: CV11-00816 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/28/2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Anthony L. Robinson E-91884
California State Prison (SAC)
P. O. Box 29
Represa, CA 95671

Dated: 9/28/2011

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk